20 P.3d 1148

Keith JOHNSON, Plaintiff–Appellee,

v.

TEMPE ELEMENTARY SCHOOL DISTRICT NO. 3 GOVERNING BOARD, Defendant–Appellant.

No. 1 CA–CV 99–0555.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 12, 2000.

As Amended March 22, 2001.

Hobson & Ringler by William R. Hobson and Counters & Koelbel, P.C. by Kevin Koelbel, Tempe, Attorneys for Plaintiff–Appellee.

The Cavanagh Law Firm by Christopher Robbins and Greenburg Traurig, L.L.C. by James A. Ullman, Michael Lungaretti, Phoenix, Attorneys for Defendant–Appellant.

Arizona School Boards Association by Thomas W. Pickrell and Miller LaSota & Peters, PLCP by Donald M. Peters, Susan A. Cannata, Phoenix, Attorneys for Amicus Curiae Arizona School Boards Association.

## OPINION

GERBER, Judge.

¶1 Appellant Tempe Elementary School District No.3 Governing Board ("the Board") dismissed appellee Keith Johnson from his teaching position for a criminal conviction that occurred thirteen years before he was hired. Upon appeal by Johnson, the superior court reversed the dismissal. The Board then appealed to this court from that judgment. For the reasons discussed below, we find that the Board's appeal is null and void.

## FACTS AND PROCEDURAL HISTORY

¶2 In 1994, after a 1982 incident involving a disturbing the peace conviction, Johnson filed an application to set aside the misdemeanor conviction. On March 28, 1995, the Phoenix Municipal Court entered an order vacating his judgment of guilt and dismissing the conviction.

¶ 3 In September 1995, Johnson entered into a contract of employment with the Board for the 1995–96 school year. His application for certification was still pending before the State Board of Education. Johnson received a contract to teach in the District for the 1996–97 school year. On January 27, 1997, after investigating Johnson's conviction, the Arizona Department of Education issued him a teaching certificate. The District ordered a background check, which revealed the police report for the March 12, 1982, arrest. On April 2, 1997, the District Board voted not to renew Johnson's contract. Johnson appealed the Board's notice of non-renewal to the superior court, arguing that it did not comply with the relevant statute. The court ruled in Johnson's favor.

¶ 4 The District issued a contract to Johnson for the 1997–98 school year, but the superintendent of the district assigned Johnson to his home. The superintendent issued a statement of charges ("SOC") recommending Johnson's dismissal; in October 1997, the Board adopted the SOC, which contained five charges. Johnson requested a public hearing to contest the SOC. At the conclusion of the hearing, the Board upheld the District's decision to terminate him for unfitness ("charge B") and misrepresentation ("charge E").

¶ 5 When Johnson sought judicial review of the Board's decision, the superior court ruled that the Board's decisions on charges B and E "were founded on and contained errors of law, were unsupported by the entire record, and were arbitrary and capricious" and that the allegations of unfitness and misrepresentation lacked foundation. The superior court ordered that Johnson be reinstated as a teacher with back pay in the amount of $34,183.60 and awarded him $79,727.61 in attorneys' fees and costs.

¶ 6 In June, 1999, after the superior court's minute entry decision in favor of Johnson, the Board met in executive session with its attorney concerning the status of this litigation. The Board's "Notice of Executive Session and Agenda" for this meeting read:

> Motion for executive session per *A.R.S. § 38–431.03(A)(3)* for discussion or consideration for legal advice with the attorney or attorneys of the public body and *A.R.S.*
> *§ 38–431.03(A)(4)* for discussion or consultation with the attorneys of the public body in order to consider its position and instruct its attorneys regarding the public body's position in pending or contemplated litigation regarding Keith Johnson.

At this private meeting, the Board decided to appeal the superior court's judgment. On September 24, 1999, the Board filed the present appeal from the superior court's September 1 judgment.

## DISCUSSION

¶ 7 The Board raises multiple issues in its appeal. We address only the one dispositive issue. Johnson argues that a legal action decided by a public body in violation of open meeting statutes is null and void. *See* Ariz. Rev.Stat. ("A.R.S.") § 38–431.05(A) (1996). For the reasons set forth below, we agree that the Board's private decision to appeal violated the state's open meeting law and that its notice of appeal is null and void.

¶ 8 The enactment of Arizona's open meeting law "was an effort to ensure that the public could attend and monitor the meetings of all public bodies." *Fisher v. Maricopa County Stadium Dist.*, 185 Ariz. 116, 122–23, 912 P.2d 1345, 1351–52 (App.1995) (citing A.R.S. §§ 38–431 to 431.09 (1996)). Under section 38–431.01(A), "[a]ll meetings of any public body shall be public meetings and all persons so desiring shall be permitted to attend and listen to the deliberations and proceedings."

¶ 9 Although the intent of the open meeting act is that official deliberations and proceedings of public governing bodies be conducted openly, "[t]he public's right to know and to participate in the decision-making process frequently comes into sharp conflict with the need for confidentiality in certain areas." *Hokanson v. High Sch. Dist. No. Eight of Pima County*, 121 Ariz. 264, 267, 589 P.2d 907, 910 (App.1978). The legislature accordingly has crafted narrow exceptions to the open meeting requirements. The circumstances under which a public body may meet in an executive session appear in relevant part in section 38–431.03(A):

A. [A] public body may hold an executive session but only for the following purposes:

\* \* \*

3. Discussion or consultation for legal advice with the attorney or attorneys of the public body.

4. Discussion or consultation with the attorneys of the public body in order to consider its position and instruct its attorneys regarding the public body's position in pending or contemplated litigation.

However, "[n]o executive session may be held for the purpose of taking any legal action involving a final vote or decision." A.R.S. § 38–431.03(D).

■ ¶ 10 The Board purported to meet in executive session under section 38–431.03(A)(3)–(4) to decide to appeal the superior court's judgment. On appeal, the Board now argues that it complied with Arizona's open meeting statute because section 38–431.03(A)(3)–(4) allows a public body, meeting in an executive session, to *instruct its attorneys to file an appeal.* We disagree because we find the scope of these statutes to be much more limited.

■ ¶ 11 We must first decide whether the decision to appeal the superior court's judgment constituted only discussion or consultation with its attorneys for legal advice or to give instructions regarding pending litigation under section 38–431.03(A)(3)–(4) or legal action under section 38–431.03(D). "Legal action" is defined as "a collective decision, commitment or promise made by a majority of the members of a public body pursuant to the constitution, their charter or bylaws or specified scope of appointment or authority, and the laws of this state." A.R.S. § 38–431(2). Public bodies may not take final legal action in executive session. A.R.S. § 38–431.03(D); *Cooper v. Arizona Western Coll. Dist. Governing Bd.,* 125 Ariz. 463, 466, 610 P.2d 465, 468 (App.1980).

¶ 12 The Arizona Supreme Court in *City of Prescott v. Town of Chino Valley,* 166 Ariz. 480, 485, 803 P.2d 891, 896 (1990), and this court in *Fisher,* 185 Ariz. at 124, 912 P.2d at 1353, considered the scope of "legal advice." In those cases, the courts interpreted "legal advice" under section 38–431.03(A)(3) to in-

clude advice concerning potential legislation (*Prescott*) and negotiation of an agreement mixing taxpayer funds and private enterprise monies (*Fisher*). *Prescott,* 166 Ariz. at 484, 803 P.2d at 895; *Fisher,* 185 Ariz. at 124, 912 P.2d at 1353. However, those courts stated that " 'once the members of the public body commence any discussion regarding the merits of enacting the legislation or *what action to take based upon the attorneys' advice,* the discussion moves beyond the realm of legal advice and *must be open to the public.*' " *Fisher,* 185 Ariz. at 124, 912 P.2d at 1353 (quoting *Prescott,* 166 Ariz. at 485, 803 P.2d at 896) (emphasis added).

¶ 13 Courts in other states have addressed whether deciding to appeal constitutes legal action. In *Houman v. Mayor & Council of the Borough of Pompton Lakes,* 155 N.J.Super. 129, 382 A.2d 413, 425–28 (1977), the New Jersey Superior Court held that the council could discuss in an executive session whether to appeal to the State Tax Court but that the council violated the New Jersey Open Public Meetings Act when it took formal action to do so in executive session. Similar to section 38–431.03(A)(4), New Jersey law permits executive sessions only to "discuss" pending or anticipated litigation. *Id.* at 421. That court reasoned that "discuss" does not include final decisions, and hence a decision to appeal is not a "discussion" but rather a final decision that must be made in public. *Id.* at 428. *Cf. City of Danville v. Laird,* 223 Va. 271, 288 S.E.2d 429, 431 (1982) (holding that council discussion in executive session of whether to appeal did not violate the open meeting law given that ultimate decision to adopt ordinance to meet the objections of trial court was made in public).

■ ¶ 14 The Arizona open meeting law compels a finding similar to that in *Houman.* Exceptions to the open meeting law "should be narrowly construed in favor of requiring public meetings." *Fisher,* 185 Ariz. at 123, 912 P.2d at 1352. Our legislature has declared that "any person or entity charged with the interpretations of this article shall take into account the policy of this article and shall construe any provision of this article in favor of open and public meetings." A.R.S.

§ 38–431.09 (1996); *see also Prescott*, 166 Ariz. at 483, 803 P.2d at 894 (quoting A.R.S. § 38–431.09); *Fisher*, 185 Ariz. at 123, 912 P.2d at 1352 (same).

¶ 15 With this directive in mind, and given the fact that the open meeting issue was promptly raised in the appellate court when, arguably, there may have been time to correct the violation, we cannot extend the "legal advice" and "pending litigation" exceptions to include a final decision to appeal. Section 431.03(A)(3)-(4) limits executive sessions to "discussion or consultation," in contrast to the "collective decision" or "commitment" that comprises "legal action." § 38–431(2). While A.R.S. section 38–431.03(A)(3)(4) permits board members privately to discuss or consult with their attorneys concerning legal advice or pending litigation, section 38–431.03(C) prohibits holding such executive sessions for taking any legal action involving a final vote or decision. A decision to appeal transcends "discussion or consultation" and entails a "commitment" of public funds. Therefore, once the Board finished privately discussing the merits of appealing, the open meeting statutes required that board members meet in public for the final decision to appeal.

¶ 16 The Board argues that announcing its decision to appeal in an open meeting might deter settlement and reinstatement. Aside from such speculation, the law recognizes no such exception. Under the statute, any discussions concerning strategy and the merits of the case could be conducted in executive session, but the final vote or decision to appeal needed to be public.

▆ ¶ 17 We conclude that the Board violated the open meeting law when, in executive session, it decided to appeal the superior court's judgment. When a public body takes legal action that violates the open meeting law without timely ratification, that legal action is "null and void." A.R.S. § 38–431.05(A). Actions taken in violation of the open meeting law "cease to exist or have any effect." *Van Alstyne v. Hous. Auth. of*

*Pueblo, Colo.*, 985 P.2d 97, 101 (Colo.Ct.App. 1999). Here, the legal action violating the open meeting law was the very decision to file this appeal. Accordingly, this resulting appeal is null and void. *See Berry v. Bd. of Governors of Reg. Dentists*, 611 P.2d 628, 632 (Okla.1980) (reversing granting of injunction because board failed to vote to seek injunctive relief in a public meeting).[1]

¶ 18 Johnson requests an award of his attorneys' fees incurred in this appeal under A.R.S. section 12–341.01 (Supp.1999). In our discretion, we grant this request and award him his costs and fees incurred in this appeal upon compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

CONCURRING: PHILIP E. TOCI, Presiding Judge, E.G. NOYES, JR., Judge.

---

1. The anomaly of addressing a "null and void" appeal even in part does not escape us. However, given both our mandate to explain our decisions and the novelty and importance of the factual parameters of the open meeting law, we think that we must explain the reasons for finding this appeal to be invalid.