IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

DESERT MOUNTAIN ENERGY CORP., *Petitioner*,

*v.*

CITY OF FLAGSTAFF, *Respondent*.

No. 1 CA-SA 24-0189

FILED 03-04-2025

---

Petition for Special Action from the Superior Court in Coconino County
No. CV2020-00624
The Honorable Elaine Fridlund-Horne, Judge

## JURISDICTION ACCEPTED; RELIEF GRANTED

---

COUNSEL

DeConcini McDonald Yetwin & Lacy PC, Tucson
By Lisa Anne Smith, Sesaly O. Stamps, Tyler H. Stanton
*Counsel for Petitioner*

Perkins Coie LLP, Phoenix
By Christopher D. Thomas, P. Derek Petersen, Janet M. Howe, Rahgan
Jensen, Jacinda Stephens
*Counsel for Respondent*

_____

**OPINION**

_____

Presiding Judge Michael S. Catlett delivered the opinion of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Randall M. Howe joined.

_____

**C A T L E T T**, Judge:

**¶1**        Before joining the Supreme Court, Justice Brandeis observed, "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman."  Louis D. Brandeis, *What Publicity Can Do*, Harper's Weekly, Dec. 20, 1913, at 10, 10.  In 1962, the Arizona Legislature shined more light on government decision-making by enacting Arizona's open-meeting law. *See* 1962 Ariz. Sess. Laws, ch. 138, § 1 (2d Reg. Sess.) (S.B. 209). That law "open[s] the conduct of the business of government to the scrutiny of the public" and "ban[s] decision-making in secret."  *Karol v. Bd. of Educ. Trs.*, 122 Ariz. 95, 97 (1979) (citing A.R.S. § 38-431.01 (1979)).

**¶2**        In this special action, we apply the open-meeting law to a particular government decision—whether to authorize litigation.  We answer this specific question: May public bodies vote behind closed doors to authorize litigation?  The answer is no.  Because the City of Flagstaff ("City") authorized this litigation during executive session and did not timely ratify that decision, the City's claims are null and void.  We accept jurisdiction and grant relief.

**FACTS AND PROCEDURAL HISTORY**

**¶3**        The City is a municipal corporation located in northern Arizona.  The City Council, which has a mayor and six council members, runs the City.  The City Council is a "public body" subject to the open-meeting law. *See* A.R.S. § 38-431(6) (defining "public body").

**¶4**        On December 2, 2020, the City Council held a special meeting to discuss litigation against Desert Mountain Energy Corporation ("Desert Mountain").  During that meeting, the City Council went into executive session—without the public present—for "[l]egal advice regarding water litigation."  The City Council voted during that session to authorize litigation against Desert Mountain to stop it from mining helium near the City's water source.

¶5 Based on that vote, the City sued Desert Mountain. The City brought claims for breach of contract, fraudulent misrepresentation, and negligent misrepresentation, and it sought declaratory and injunctive relief. At the City's request, the superior court entered a temporary restraining order and, later, a preliminary injunction against Desert Mountain, requiring it to cease well operations until it obtained all necessary permits. Desert Mountain appealed the injunction; this court vacated it and remanded. *See City of Flagstaff v. Desert Mountain Energy Corp.*, 2022 WL 869624, at *5 ¶ 30 (Ariz. App. Mar. 24, 2022) (mem. decision).

¶6 After remand, on September 30, 2022, Desert Mountain answered and counterclaimed. In its counterclaim, Desert Mountain alleged that "the City violated Arizona's Open Meeting law by not authorizing the filing of the Original Complaint in an open meeting." Two weeks later, the City answered the counterclaim.

¶7 In early 2023, the City Council held a special meeting, during which it went into executive session for "[l]egal advice regarding Open Meeting Law" and this litigation. Five days later, on January 17, 2023, the City Council voted in public to ratify the lawsuit.

¶8 Desert Mountain then moved for summary judgment, arguing the City's claims are null and void. Desert Mountain argued the City violated the open-meeting law and did not timely ratify its vote. The City responded that Desert Mountain lacked standing and the City's ratification was timely. The superior court denied summary judgment, concluding there were material fact issues about ratification. Desert Mountain sought special action relief, but this court declined jurisdiction.

¶9 Desert Mountain then deposed the City Council members who voted to authorize this litigation and the former City Attorney who advised the City Council on open-meeting law compliance. Armed with that discovery, Desert Mountain asked the superior court to reconsider summary judgment. The court declined. Desert Mountain again seeks special action relief.

## JURISDICTION

¶10 The Arizona Supreme Court revised the Arizona Rules of Procedure for Special Actions effective January 1, 2025. Generally, the new rules apply in special actions pending on that date. This action was pending on January 1, 2025, so the new rules apply.

¶11 Rule 2 delimits the relief available in a special action. Regardless of the relief requested, special action jurisdiction may be accepted "only if the remedy by appeal is not equally plain, speedy, and adequate." Ariz. R.P. Spec. Act. 2(b)(2). Special action jurisdiction is appropriate "in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again." *Prosise v. Kottke*, 249 Ariz. 75, 77 ¶ 10 (App. 2020); *see also* Ariz. R.P. Spec. Act. 12(b)(3)–(4). The decision to accept jurisdiction remains highly discretionary. *See* Ariz. R.P. Spec. Act. 2(b)(2).

¶12 Here, Desert Mountain claims the superior court exceeded its authority by requiring Desert Mountain to defend claims that are null and void. Desert Mountain also claims the court abused its discretion by not granting summary judgment. Both claims can be raised in a special action. *See* Ariz. R.P. Spec. Act. 2.

¶13 The City argues we should decline jurisdiction because there are material fact issues about the timeliness of the City's ratification. And the City correctly points out that we "disfavor accepting special action jurisdiction to review the denial of a motion for summary judgment[.]" *See State v. Bryson*, 256 Ariz. 511, 513 ¶ 7 (App. 2023); *see also* Ariz. R.P. Spec. Act. 12(c)(2). But neither factual disputes nor the procedural posture impedes special action jurisdiction here.

¶14 After this court previously declined jurisdiction, Desert Mountain took discovery pertinent to ratification. Although the City argues discovery did not resolve whether its ratification was timely, that issue is a mixed question of law and fact, requiring us to take the facts as developed and decide their legal ramifications. If the City is correct that those facts do not definitively answer the timeliness issue, then Desert Mountain is not entitled to relief. But the factual record is developed enough to decide whether Desert Mountain's legal arguments entitle it to relief, and the facts necessary to answer that question are uncontested. *See Piner v. Superior Court*, 192 Ariz. 182, 185 ¶ 10 (App. 1998) (accepting special action jurisdiction where "[t]he facts [were] not contested, and the legal issue [could] properly be decided on the present record.").

¶15 Desert Mountain's petition also does not stem from an ordinary denial of summary judgment. Desert Mountain challenges how the City authorized this litigation. Any legal action violating the open-meeting law "is null and void" unless timely and properly ratified. A.R.S. § 38-431.05(A). If the City violated the open-meeting law and then failed to timely ratify, this litigation ends. So Desert Mountain's petition is the rare

one where jurisdiction is appropriate because the benefit lost is avoiding litigation, which cannot be recovered by awaiting an appeal. *See* Ariz. R.P. Spec. Act. 12(b)(7); *Sigmund v. Rea*, 226 Ariz. 373, 375, ¶ 5 (App. 2011) ("[A]n appeal inadequately remedies a trial court's improperly requiring a defense in a matter where it has no jurisdiction[.]") (quoting *Taylor v. Jarrett*, 191 Ariz. 550, 551-52, ¶ 5 (App. 1998)); *Florez v. Sargeant*, 185 Ariz. 521, 524 (1996) ("But we also acknowledge that in the rare extraordinary case, special action relief may be the only way to avoid the very harms a particular defense [(statute of limitations)] was intended to prevent."); *Samaritan Health Sys. v. Super. Ct.*, 194 Ariz. 284, 287 ¶ 10 (App. 1998) ("Denial of a motion for summary judgment is inappropriate for special action jurisdiction except in very unusual cases. One of those unusual cases is when a defendant has claimed immunity from suit.") (citation omitted); *cf. also City of Phoenix v. Fields*, 219 Ariz. 88, 90, ¶ 2 (App. 2008) ("[T]he purpose of the notice of claim provision would be thwarted if our review of this matter were delayed pending an appeal.") (vacated on other grounds by *City of Phoenix v. Fields*, 219 Ariz. 568 (2009)).

**¶16** In fact, this court has twice before addressed the open-meeting law when doing so was perhaps unnecessary or could have waited. In the more recent example, we accepted special action jurisdiction despite the superior court entering a final judgment the petitioner could have appealed. *See Tanque Verde Unified Sch. Dist. No. 13 v. Bernini*, 206 Ariz. 200, 203 ¶¶ 4–5 (App. 2003). We did so because the petition satisfied the elements for jurisdiction. *See id.* In the older example, we published our reasoning for concluding the appeal was null and void. *See Johnson v. Tempe Elementary Sch. Dist. No. 3 Governing Bd.*, 199 Ariz. 567, 570 ¶ 17 n.1 (App. 2000). We acknowledged "[t]he anomaly of addressing a 'null and void' appeal even in part," but still did so "given . . . the novelty and importance of the factual parameters of the open meeting law[.]" *Id.*

**¶17** Those same considerations apply here. As explained, the issues turn on undisputed facts and their legal ramifications. The open-meeting law ensures transparency in government and reflects the important "public policy of this state . . . that meetings of public bodies be conducted openly . . . to inform the public of the matters to be discussed or decided." *City of Prescott v. Town of Chino Valley*, 166 Ariz. 480, 483 (1990) (quoting A.R.S. § 38-431.09 (1990)). Hundreds of public bodies—many of which authorize litigation on a somewhat frequent basis—must comply with the open-meeting law's restriction on approving "legal action" in executive session. So whether that restriction applies to authorizing litigation is widely important and likely to recur. And the petition raises

novel issues about when a public body's deadline to ratify begins. *See Bryson*, 541 P.3d at 584 ¶ 7. We accept jurisdiction.

## DISCUSSION

**¶18** We answer two questions. Did the City violate the open-meeting law by voting in executive session to authorize this litigation? And, if the City violated the open-meeting law, did it timely ratify its decision?

### I.

**¶19** We first address whether the City violated the open-meeting law. Desert Mountain argues that voting to authorize litigation is a "legal action" that needs to be held in a public session. The City responds that the open-meeting law allowed it to consult with and instruct its attorneys about pending or contemplated litigation during executive session and that includes voting to authorize litigation. *See* A.R.S. § 38-431.03(A)(4).

**¶20** Whether the City violated the open-meeting law turns on statutory interpretation. We interpret statutes "according to the plain meaning of the words in their broader statutory context," unless directed to do otherwise. *S. Ariz. Home Builders Ass'n v. Town of Marana*, 254 Ariz. 281, 286 ¶ 31 (2023). "Clear and unequivocal language determines a statute's meaning, reading each word, phrase, clause, and sentence in such a way to ensure no part of the statute is void or trivial." *Planned Parenthood Ariz., Inc. v. Mayes*, 257 Ariz. 110, 115 ¶ 15 (2024). Only when statutory language is ambiguous may we "use alternative methods of statutory construction[.]" *Id.* at ¶ 17.

**¶21** According to the open-meeting law, "[a]ll meetings of any public body shall be public meetings and all persons so desiring shall be allowed to attend and listen to the deliberations and proceedings." A.R.S. § 38-431.01(A). Section 38-431.01(A) also says that "[a]ll legal action of public bodies shall occur during a public meeting," and § 38-431.03(D) requires that "[a] public vote shall be taken before any legal action binds the public body." Legal action is "a collective decision, commitment or promise made by a public body pursuant to the constitution, the public body's charter, bylaws[,] . . . and the laws of this state." A.R.S. § 38-431(3).

**¶22** But not every conversation a public body has must be public. "The public's right to know and to participate in the decision-making process frequently comes into sharp conflict with the need for confidentiality in certain areas." *Hokanson v. High Sch. Dist. No. 8*, 121 Ariz.

264, 267 (App. 1978). The open-meeting law, therefore, allows a public body to go into "executive session" under nine circumstances. *See* A.R.S. § 38-431.03(A)(1)–(9). Those circumstances "establish an equilibrium between the public's desire for access and the governmental agency's need to act in private, short of reaching 'a collective decision, commitment, or promise.'" *City of Prescott*, 166 Ariz. at 483 (quoting *Gipson v. Bean*, 156 Ariz. 478, 482 (App. 1987) ). But, to protect the public's interest in open government, we construe those circumstances narrowly "in favor of requiring public meetings.'" *Johnson*, 199 Ariz. at 569 ¶ 14.

¶23 The City concedes that authorizing litigation is a "legal action." We agree. Authorizing litigation is a collective decision the City Council makes by exercising the powers it derives from the City's charter. The City contends, however, that "'[l]egal action involving a final vote or decision' may be taken during an executive session to 'instruct [the public body's] attorneys or representatives in pending or contemplated litigation."

¶24 Contrary to that interpretation, the open-meeting law does not allow a vote during executive session to authorize litigation. The City's interpretation jams two subsections together. Properly read, the open-meeting law gives the general rule that "[l]egal action involving a final vote or decision shall not be taken at an executive session[.]" A.R.S. § 38-431.03(D). But it then says a public body "may instruct its attorneys" as provided in three subsections in § 38-431.03(A). Only one of those subsections applies here—§ 38-431.03(A)(4). That subsection allows a public body to go into executive session "only" for "[d]iscussion or consultation" with its attorneys "to consider its position and instruct its attorneys regarding" its "position . . . in pending or contemplated litigation." A.R.S. § 38-431.03(A)(4).

¶25 For the City to be correct, a vote authorizing litigation must be (1) a discussion or consultation about a litigation position or (2) an instruction about such a position. A vote authorizing litigation is neither. A public body can go into executive session to talk with or consult its attorneys about future litigation without authorizing it. Similarly, a public body can use an executive session to instruct its attorneys on litigation positions. But once the public body makes a final and collective decision to authorize litigation, that is a legal action requiring a public vote. *See City of Prescott*, 166 Ariz. at 485 ("[O]nce the members of the public body commence any discussion regarding . . . what action to take based upon the attorney's advice, the discussion moves beyond the realm of legal advice and must be open to the public."); *Fisher*, 185 Ariz. at 124.

¶26 The open-meeting law also says that "[a] public vote shall be taken before any legal action binds the public body." A.R.S. § 38-431.03(D). Authorizing litigation commits public funds to the litigation venture. Once funds are committed, the decision is binding; as such, a vote committing funds to litigation must be public. *See Johnson*, 199 Ariz. at 570 ¶ 15 (concluding that voting to appeal a judgment "transcends 'discussion or consultation' and entails a 'commitment' of public funds").

¶27 The City pushes back. It argues that authorizing this litigation did not bind the City because it could have voluntarily dismissed its complaint before Desert Mountain answered it. *See* Ariz. R. Civ. P. 41(a)(1)(A)(i). That argument ignores that authorizing litigation committed public funds to retain counsel to analyze and draft the City's claims. Here, too, the City did not just file a complaint. The City also immediately sought a temporary restraining order. That (predictably) set off a flurry of litigation—including a request for a preliminary injunction, an objection to that request, a motion to dismiss, a response to that motion, and an amended complaint—all within a month. The City cannot avoid a public vote because it once had the option to voluntarily dismiss its claims (an option it did not exercise), especially when the relief the City sought promptly resulted in active litigation and its attendant costs.

¶28 The City also argues that authorizing this litigation did not newly commit public funds because the City Council committed those funds months earlier in the City's budget. We disagree. Every "county, city or town" must adopt a budget and, presumably, many budgets account for future legal expenses. *See* A.R.S. § 42-17105 (prescribing procedures for counties, cities, and towns to adopt budgets). If we were to adopt the City's position, public bodies could avoid public votes on legal actions simply by budgeting funds for those actions in advance. Plus, budgeting funds for future purposes and spending funds on present endeavors are distinct matters—the former allocates funds while the latter uses them. A public body cannot budget around the open-meeting law. *See Fisher*, 185 Ariz. at 124 ("[O]ur charge is to promote openness in government, not to expand exceptions which could be used to obviate the rule."); A.R.S. § 38-431.09(A) (instructing courts to "construe [the open-meeting law] in favor of open and public meetings").

¶29 That brings us to *Johnson*. There, the Tempe Elementary School District Governing Board terminated a teacher. *Johnson*, 199 Ariz. at 568 ¶ 4. On review, the superior court ordered the teacher reinstated. *Id.* at ¶ 5. In response, "the Board met in executive session with its attorney to discuss the status of [the] litigation." *Id.* at ¶ 6. During that executive

session, the Board voted to appeal. *Id.* The teacher later argued the appeal was null and void under the open-meeting law. *Id.* at ¶ 7. But the Board, like the City here, argued the open-meeting law "allows a public body, meeting in an executive session, to instruct its attorneys to file an appeal." *Id.* at 569 ¶ 10.

**¶30** We concluded "the Board's private decision to appeal violated the state's open meeting law and that its notice of appeal is null and void." *Id.* at 568 ¶ 7. The Board's decision was a "legal action," and not "only discussion or consultation with its attorneys for legal advice or to give instructions regarding pending litigation under section 38-431.03(A)(3)-(4)." *Id.* at 569 ¶ 11, 570 ¶¶ 15–17. We explained that "[a] decision to appeal transcends 'discussion or consultation' and entails a 'commitment' of public funds." *Id.* at 569 ¶ 13, 570 ¶ 15. "[O]nce the Board finished privately discussing the merits of appealing, the open meeting statutes required that board members meet in public for the final decision to appeal." *Id.* at 570 ¶ 15.

**¶31** The analysis in *Johnson* applies equally here. Authorizing litigation "transcends 'discussion or consultation' and entails a commitment of public funds." *Id.* Once the City Council "finished privately discussing the merits of" authorizing litigation against Desert Mountain, the open-meeting law required it to "meet in public for the final decision" to sue. *Id.*

**¶32** The City suggests amendments to the open-meeting law rendered *Johnson* irrelevant. Not so. Those amendments did not change § 38-431.01(A)(4) in any material way. Instead, the legislature amended § 38-431.03(D) to clarify that "the public body may instruct its attorneys or representatives as provided in subsection A paragraphs 4, 5 and 7 of this section." *See* 2000 Ariz. Sess. Laws, ch. 358, § 4 (2nd Reg. Sess.) (S.B. 1392). It also amended subsection A to say that "[a] public vote shall be taken before any legal action binds the public body." *Id.* And it amended § 38-431.03(A)(4) to allow public bodies to discuss with, consult, and instruct their attorneys "regarding contracts that are the subject of negotiation" or "in settlement discussions conducted in order to avoid or resolve litigation." *Id.* Those two subparts are not at issue. The only relevant subpart—that allowing a public body to discuss or consult about "pending or contemplated litigation"—existed in its current form before and after *Johnson.* So *Johnson* remains binding and relevant.

**¶33** Finally, the City frets that Desert Mountain's position will make it impossible for public bodies to use § 38-431.01(A)(4) without

tipping off their litigation foes to their legal positions. The Board in *Johnson* expressed similar concerns. We responded that "[u]nder the statute, any discussions concerning strategy and the merits of the case could be conducted in executive session, but the final vote or decision to appeal needed to be public." 199 Ariz. at 570 ¶ 16. The Attorney General's Arizona Agency Handbook ("Agency Handbook") also instructs that "to preserve the confidentiality afforded by the Open Meeting Law, the best practice is for the public body, upon return to the open session, to vote to authorize its attorney to 'proceed as instructed in the executive session.'" Arizona Attorney General, *Arizona Agency Handbook* § 7.9.5.4 (Rev. 2018) ("*Agency Handbook*"). And "[t]he public body should provide more information when it is possible to do so without risking the confidentiality of the matter[.]" *Id.*

**¶34** We need not decide how much information a public body must divulge when publicly voting to authorize litigation. By voting behind closed doors, the City divulged no information. The City violated the open-meeting law.

## II.

**¶35** We next address whether the City timely ratified its decision to authorize litigation. The City argues it did so because the City Council did not learn that Desert Mountain claimed the City violated the open-meeting law until five days before its ratification. Desert Mountain responds that the deadline to ratify started right when the City Council originally voted to authorize this litigation.

**¶36** Any legal action violating the open-meeting law is "null and void" unless the public body timely ratifies that action. A.R.S. § 38-431.05(A)–(B); *see also Prieve v. Flying Diamond Airpark, LLC*, 252 Ariz. 195, 197 ¶ 7 (App. 2021) ("Absent ratification, decisions by public bodies in violation of open meeting laws are null and void[.]"). Ratification must occur "within thirty days after discovery of the violation or after such discovery should have been made by the exercise of reasonable diligence." A.R.S. § 38-431.05(B)(1).

**¶37** Recall that the City Council re-voted in public session on January 17, 2023. Starting from that date and counting back thirty days, if the City discovered or should have discovered its violation before December 18, 2022, then its ratification was untimely. *See* A.R.S. § 38-431.05(B)(1). We conclude the City should have done so.

¶38        Three things should have led the City to discover its violation before December 18, 2022.  First, *Johnson*.  As explained, we held there that a public body cannot vote in executive session to authorize an appeal. *Johnson*, 199 Ariz. at 570 ¶ 15.  This then is not a case where "no previous Arizona case has addressed the statutory exception at issue and its scope" or where "reasonable minds can differ" on § 38-431.03(A)(4)'s application. *See Bernini*, 206 Ariz. at 209 ¶ 29.   Once *Johnson* said a public body cannot authorize an appeal in executive session, it was clear that a public body also cannot authorize a lawsuit that way.

¶39        Second, the Agency Handbook.   The open-meeting law requires a "person elected or appointed to a public body" to review the open-meeting law chapter in the Agency Handbook "at least one day before the day that person takes office."   A.R.S. § 38-431.01(H); *see also Agency Handbook* § 7.1.  The Agency Handbook has a section titled, "Litigation, Contract Negotiations, and Settlement Discussions," which discusses when public bodies can go into executive session under § 38-431.03(A)(4).  *See Agency Handbook* § 7.9.5.4.  It states that (A)(4) "allows consideration and instruction only[.]"  *Id.*  Citing *Johnson*, it then explains that "[i]f legal action is necessary by the public body before its representative can take the directed action, the public body must vote on the matter in public session and cannot do so in executive session."  *Id.*  The City does not dispute that the City Council members who authorized this litigation received open-meeting law training and read the Agency Handbook.

¶40        Third, Desert Mountain's counterclaim.   Desert Mountain filed that counterclaim on September 30, 2022.  Two weeks later, the City answered.   Although alleging a violation does not always start the ratification clock, *see Bernini*, 206 Ariz. at 210 ¶ 32, the answer and counterclaim here further notified the City that it may have violated the open-meeting law.  And then, rather than swiftly ratifying, the City waited three-and-a-half months to take a new vote.

¶41        The City responds in two ways.  Neither is persuasive.  One, it argues the City Council did not discover its open-meeting law violation because the City Attorney advised it "that a public body can instruct its attorneys to file a lawsuit in executive session."  But the ratification deadline cannot be extended based on an attorney's patently incorrect legal advice. Individual members of a public body must educate themselves about, and then follow, the open-meeting law.  *See* A.R.S. § 38-431.01(H); A.R.S. § 38-431.07(A) (permitting the Attorney General to sue an individual member of a public body for violating the open-meeting law).  They cannot delegate

compliance to the body's attorney. And, because they cannot do so, they cannot delay ratification based on that attorney's incorrect advice.

**¶42** Two, the City argues its deadline started no earlier than January 12, 2023, when the City Council first heard about the counterclaim. That argument is curious considering the City answered the counterclaim in October 2022. The City does not explain why months passed before the City Council heard about the counterclaim. Still, the City's argument artificially distinguishes between the City and the City Council and between actual and constructive knowledge. Even if it took three months for the City Council to learn of the counterclaim, the City Council constructively knew about it when the City answered it. The open-meeting law focuses on when "discovery *should have been made by the exercise of reasonable diligence*" (in other words, when the public body had constructive knowledge). A.R.S. § 38-431.05(B)(1) (emphasis added). We will not delay the City's deadline until someone actually told the City Council about the counterclaim.

**¶43** Because the City's deadline to ratify started before December 18, 2022, the City's ratification was untimely. *See id.* The City's claims are null and void. *See* A.R.S. § 38-431.05(A); *Johnson*, 199 Ariz. at 570 ¶ 17.

### III.

**¶44** Desert Mountain seeks attorney fees and costs on appeal. We deny Desert Mountain's request under A.R.S. § 12-349. But, as the successful party, we award Desert Mountain its costs under § 12-341. As the prevailing party in a contract matter, Desert Mountain is entitled, at least, to some reasonable attorney fees under A.R.S. § 12-341.01. But, if Desert Mountain has now "prevail[ed] by an adjudication on the merits," it may also receive reasonable attorney fees under § 12-348(A)(1). We award Desert Mountain some reasonable attorney fees on appeal, and we might award all reasonable fees on appeal, subject to compliance with Arizona Rule of Civil Appellate Procedure 21. In its fee application, Desert Mountain should address whether we should award all its attorney fees on appeal under A.R.S. §§ 12-341.01 or 12-348(A)(1).

## CONCLUSION

¶**45**		We accept jurisdiction and grant relief.  Because the City's claims are null and void, we instruct the superior court to enter summary judgment for Desert Mountain.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:		JR