CITY OF TULSA, Oklahoma, a municipal corporation, Appellant,

v.

The OKLAHOMA STATE PENSION AND RETIREMENT BOARD, an agency of the State of Oklahoma, Appellee.

No. 58864.

Supreme Court of Oklahoma.

July 12, 1983.

Rehearing Denied Jan. 24, 1984.

Michael C. Turpen, Atty. Gen., Michael Scott Fern, Asst. Atty. Gen., for appellee.

SIMMS, Vice Chief Justice:

Appellant, City of Tulsa (hereinafter City), appeals from an order of the District Court of Oklahoma County dismissing the City's appeal from Appellee, the Oklahoma State Pension and Retirement Board (hereinafter Board). The City's petition for judicial review of the administrative hearing was dismissed because the appeal, although filed two days prior to the statutory deadline (11 O.S.1981, § 50–129), was not officially authorized by the Tulsa Board of Commissioners (hereinafter City Commissioners) until four days after the deadline for filing the appeal.

Kimberly L. Fagan and Felicia K. Fagan, as named beneficiaries, sought award of the pension of Robert M. Fagan, a deceased City of Tulsa police officer before the Board. The City contested the application on the ground that Officer Fagan died as a result of a self-inflicted gunshot wound and not in the line of duty. The Board ruled against the City on March 17, 1982, and the City subsequently appealed to the District Court of Oklahoma County, pursuant to 11 O.S.1981, § 50–129.

The pension beneficiaries filed a motion to dismiss the City's appeal, alleging that the appeal had not been properly taken. The movants argued that the appeal, filed with the Oklahoma County District Court on April 14, 1982, was made without having first secured the permission and approval of the City Commissioners, the governing body of the City of Tulsa. They further alleged that permission of the Commissioners was asked for and granted on April 20, 1982, a date outside the statutory deadline for filing the appeal (which ran on April 16, 1982), and that this ratification was not effective to relate back the authorization so the appeal could be considered as timely filed.

Neal E. McNeill, City Atty., David M. Anderson, Asst. City Atty., Tulsa, for appellant.

I.

The City alleges that the District Court erred in finding that the City's legal counsel

appealed the decision of the Board without approval of the City.

It has not been argued that the City does not have the power to direct its attorney to appeal a decision. However, Appellee contends that the City Attorney's act of filing a petition in error before obtaining authorization from the Commissioners was an *ultra vires* act; literally, beyond the power or capacity of the City Attorney. This argument is not persuasive.

The authority of a lawyer to act for his client stems from the law of agency. The relationship between the municipal attorney and the city is in many respects analogous to that of a private attorney and private client, and the municipal attorney may—unless prohibited or otherwise restricted—bind the municipality to the same extent that any attorney may bind his client. See: *10 McQuillan, Municipal Corporations (3rd Ed.) § 29.15; Annotation, Doctrine of Apparent Authority as Applied to Agent of Municipality, 77 A.L.R.3d 925.*

In *City of Wilburton v. King,* 162 Okl. 32, 34, 18 P.2d 1075, 1077 (1933), this Court held that:

"... all officers are given such implied powers as are necessary to carry into effect the duties and obligations imposed upon them by law ... A public officer, in the absence of a prohibition, has the implied authority to institute suits necessary to the proper and faithful performance of his duties."

Article IV, § 1, Charter of the City of Tulsa, provides in part for the office of the City Attorney and his assistants, as follows:

"The City Attorney ... shall represent the City in all litigation and controversies ... He shall be the legal advisor of the Mayor, the Board of Commissioners, or any committee thereof, and all City officers and employees with respect to any legal question involving an official duty or any other matter pertaining to the affairs of the City of Tulsa. The City Attorney shall perform such other duties as the Board of Commissioners may direct ..."

The duty of the City Attorney to "represent the City in all litigation and controversies" is broad and general. The implication is that the City Attorney is empowered to take necessary steps to protect the legal interests of the City of Tulsa.

In support of its allegation that the City Attorney is not authorized to act without prior approval of the Board of Commissioners, Appellee relies on *Oklahoma City v. McWilliams,* 108 Okl. 268, 236 P. 417 (1925). In that case, this Court construed a portion of the city charter of Oklahoma City outlining the duties of the City Attorney, and held that the City Attorney was without authority to acknowledge service of a summons, which by law was to be served on the mayor.

In *Oklahoma Railway Co. v. Boyd,* 140 Okl. 45, 282 P. 157 (1929), this Court construed the same portion of the Oklahoma City charter, which, as Appellee points out, is very similar to the provision of the Tulsa charter quoted above. The Court distinguished *Oklahoma City v. McWilliams* and upheld the actions of the City Attorney, who entered a general appearance for the city and filed a pleading after a summons had been properly served on the mayor. In determining that the city was bound by the attorney's actions, the Court stated:

"The city charter of Oklahoma City provided in part as follows:

'The city attorney shall be called municipal counselor and it shall be his duty to advise the board of commissioners, and each member thereof, and all heads of departments upon all law questions, and he shall give opinions in writing, if requested and *shall represent the city as leading counsel in all courts for or against the city * * '* (emphasis in original)

"By charter the municipal counselor is made the representative of the city in all litigation in all courts for or against the city. To say that such a representative could not enter an appearance or file a pleading in a court of competent jurisdiction, which would bind his client ... would lead to absurd situations. Such a

course of reasoning would lead to the conclusion that the city could never be bound by the acts of its municipal counselor at any stage of litigation, without formal action of the city authorizing such, or an appearance by the mayor and commissioners. Litigation is invariably carried on by such representatives ..."

In *State Bank of Burleigh County Trust Company v. City of Bismark,* N.D., 316 N.W.2d 85 (1982), the North Dakota Supreme Court was asked to sustain a motion to dismiss based on the allegation that the City Attorney had not been specifically authorized by the City of Bismark Commissioners to enter an appeal. The court denied the motion to dismiss, stating:

"In the absence of a showing that the governing body intends otherwise, we see no reason to limit the authority of the city attorney to the conduct of law business at the trial level only ..."

Construing the statutory duty of the Bismark City Attorney to "conduct all law business in which the city or any of its departments shall be interested," the court added a caveat:

"Although we conclude that an appeal is germane to and implied by the words 'law business', we nevertheless do not say that a city attorney's decision to appeal a lower court final ruling may not be reviewed and set aside by the governing body or may not be restricted by an ordinance duly enacted." [pg. 89]

The need for ratification by the City Commissioners of the decision to appeal was recognized, as indicated by interoffice correspondence dated April 15, 1982, from the Tulsa Assistant City Attorney to the Board of Commissioners. This communication stated in part:

"Inadvertently, I failed to seek the permission of this Commission to proceed with the appeal. If it is the desire of the Board of Commissioners that this appeal be withdrawn, this will be done at your instructions. However, it is the recommendation of this office that an appeal be pursued. If the Commission approves of

this recommendation, please inform this office so that this action can be resumed."

■ It is a necessary safeguard that the attorney's authority to appeal be subject to a right of ratification or rejection by the governing body. However, we find that it was not necessary that approval of the City Commissioners be secured *prior* to the City Attorney's action of filing a petition in error with the District Court.

## II.

■ Appellant alleges that the reviewing court erred in determining that the City Commissioners cannot retroactively give permission and approval for the City Attorney to bring an appeal of an adverse ruling. The minutes of the April 20, 1982, meeting of the City Commissioners reflect that the Commissioners unanimously approved the City Attorney's recommendation that the decision of the Oklahoma State Pension and Retirement Board be appealed.

While neither the City Charter nor the ordinances of the City of Tulsa specifically provide for such retroactive approval of legal actions, it is a general rule that whatever acts public officials may do or authorize to be done in the first instance may subsequently be adopted or ratified by them with the same effect as though properly done under previous authority. *10 McQuillan, Municipal Corporations (3rd Ed.) § 29.104.*

Ratification after the act is said to be as potent as authority before the act. Irregular and void acts may be ratified or confirmed at a subsequent meeting, provided it is a valid or legal meeting. *4 McQuillan, Municipal Corporations (3rd Ed.) § 13.47; Mott v. Horstmann,* 36 Cal.2d 388, 224 P.2d 11 (1950). It is true that where a charter confers "exclusive power upon the council to execute the particular act, and it was performed by an officer, the act cannot be legally ratified." *McQuillan, § 13.47, supra.* However, it is clear that an appeal is not meant to be exclusively executed by the City Commissioners, but rather by the City Attorney, acting on behalf of the City.

There is no indication in the record that the votes of the City Commissioners ratify-

ing the appeal filed by the City Attorney were not publicly cast and recorded.

The City Commissioners ratification on April 20, 1982, of the City Attorney's action in filing a petition in error on April 14, 1982, was effective to relate back authorization of the City's appeal, so that the appeal will be considered as timely filed.

Order of the District Court dismissing Appellant's appeal is Reversed and the cause Remanded with directions to reinstate the appeal.

REVERSED AND REMANDED WITH DIRECTIONS.

BARNES, C.J., and HODGES, LAVENDER, HARGRAVE, OPALA and WILSON, JJ., concur.