FILED

**NOT FOR PUBLICATION**

SEP 08 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL MOHR, JR., and LYDIA BUSTAMANTE MOHR, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> MURPHY ELEMENTARY SCHOOL DISTRICT 21 OF MARICOPA COUNTY, THOMAS M. GRIMES, TERI SWANSON, <br><br> Defendants - Appellees. | No. 10-16275 <br><br> D.C. No. 2:10-cv-00153-DGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted July 18, 2011
San Francisco, California

Before:    TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

In October 2009, the Governing Board (the "Board") of the Murphy Elementary School District (the "District") initiated termination proceedings against Paul Mohr, the District Superintendent, after he was arrested for shoplifting a bottle of wine from a local grocery store. In January 2010, Mohr and his wife filed an Amended Complaint in Arizona state court asserting claims for breach of contract, tortious interference, violation of Mohr's right to procedural due process, and violation of the Arizona Open Meeting Law. On January 25, 2010, defendants removed the case to the District Court for the District of Arizona (Campbell, J.), which, by Order dated February 19, 2010, denied the Mohrs' motion to remand the case to state court. Thereafter, defendants-appellees moved to dismiss the Amended Complaint, and the district court, by Order dated May 5, 2010, dismissed the tortious interference, procedural due process, and Open Meeting law claims, and remanded the breach of contract claim to Arizona state court. The instant appeal followed. We affirm.

We review de novo a district court's grant of a motion to dismiss as well as a district court's denial of a motion to remand a removed case. See Whitman v. Mineta, 541 F.3d 929, 931 (9th Cir. 2008); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). To survive a motion to dismiss, a complaint must allege a plausible set of facts sufficient to "raise a right to relief above the

2

speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Turning first to Mohr's claim alleging violations of Arizona Open Meeting Law, that law provides that "[a]ll meetings of any public body shall be public meetings" and that "[a]ll legal action of public bodies shall occur during a public meeting." Ariz. Rev. Stat. § 38-431.01(A). A "meeting" is defined as the gathering of a "quorum of members of a public body at which they discuss, propose, or take legal action[.]" A.R.S. § 38-431(4). Arizona courts have interpreted Arizona's Open Meeting law as only applying to instances in which a quorum of a public body's members is present. See Boyd v. Mary E. Dill Sch. Dist. No. 51, 631 P.2d 577, 579-80 (Ariz. Ct. App. 1981) (affirming dismissal of Open Meeting law claim where the alleged legal action was taken by less than a quorum of board members). Because the Amended Complaint does not allege that a quorum of members took legal action outside of a public meeting, we agree with the district court that the Amended Complaint fails to state a claim for a violation of the Open Meeting law.

Turning next to Mohr's due process claims, we first note that procedural due process requires only that, before a public employee is terminated for cause, "he is entitled to oral or written notice of the charges against him, an explanation of the

3

employer's evidence, and an opportunity to present his side of the story." Hufford v. McEnaney, 249 F.3d 1142, 1151 (9th Cir. 2001). Moreover, "the combination of judging and investigating functions is not a denial of due process." Withrow v. Larkin, 421 U.S. 35, 51 (1975).

The Court concludes that Mohr has failed to allege that "more" is present in the circumstances of the instant case. While Mohr alleges that the Board "has not made adequate disclosure of the evidence and witnesse[s]" in his termination proceedings, he did not provide any supporting facts to substantiate this wholly speculative allegation. He also declined to attend his termination hearing. Moreover, with regard to Mohr's claim that the District's actions have affected his name, reputation, and standing in the community, this Court has expressly limited such claims to "extreme" circumstances that are nowhere present in the instant case. See Engquist v. Or. Dep't of Agric., 478 F.3d 985, 998 (9th Cir. 2007) ("It is not enough that the [defendant's] stigmatizing conduct has some adverse effect on [the plaintiff's] job prospects; instead, [the plaintiff] must show that the stigmatizing actions make it virtually impossible for [him] to find new employment in his chosen field.") aff'd 553 U.S. 591 (2008). As to Mohr's allegation of bias -- which is predicated on the notion that the Board is biased against him because it has a fiscal interest in not paying his salary -- this is facially implausible, given that

4

Mohr was the Superintendent of the District, and therefore the natural consequence of his termination would be his prompt replacement by another individual drawing an equivalent salary. Pavlik v. Chinle Unified Sch. Dist., 985 P.2d 633, 638 (Ariz. Ct. App. 1999) ("A party who seeks to establish institutional bias on the basis of pecuniary interest must show that interest is direct and personal, not generalized and speculative.") (citation omitted). More generally, the argument proves too much, because it would be true in every case of termination for cause.

Finally, we conclude that the defendants-appellees timely removed this case to federal court because the original Complaint, on its face, asserted no federal claims and made no reference, express or implied, to federal law, and therefore the time for removal did not commence to run until the filing of the Amended Complaint raising federal claims. See Proctor v. Vishay Intertechnology, Inc., 584 F.3d 1208, 1218 (9th Cir. 2009).

We have considered all of Mohr's other arguments and find them without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.