**134 Nev., Advance Opinion 40**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE COMMISSION ON ETHICS OF
THE STATE OF NEVADA,
Appellant,
vs.
IRA HANSEN, IN HIS OFFICIAL
CAPACITY AS NEVADA STATE
ASSEMBLYMAN FOR ASSEMBLY
DISTRICT NO. 32; AND JIM
WHEELER, IN HIS OFFICIAL
CAPACITY AS NEVADA STATE
ASSEMBLYMAN FOR ASSEMBLY
DISTRICT NO. 39,
Respondents.

No. 69100

FILED

MAY 3 1 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Motion to dismiss this appeal from a district court order granting a petition for judicial review. First Judicial District Court, Carson City; James E. Wilson, Judge.

*Appeal dismissed.*

State of Nevada Commission on Ethics and Tracy L. Chase, Carson City, for Appellant.

Legislative Counsel Bureau Legal Division and Brenda J. Erdoes, Legislative Counsel, Kevin C. Powers, Chief Litigation Counsel, and Eileen G. O'Grady, Chief Deputy Legislative Counsel, Carson City, for Respondents.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, HARDESTY, J.:

Assemblymen Ira Hansen and Jim Wheeler seek dismissal of this appeal, arguing that the notice of appeal is void because it was not authorized by the client, the Nevada Commission on Ethics, a public body. Because we determine that an attorney for a public body must have authorization from the client in a public meeting prior to filing a notice of appeal, the notice of appeal is defective and we lack jurisdiction to further consider this appeal.

*FACTS AND PROCEDURAL HISTORY*

In November 2013, respondent Assemblyman Ira Hansen received four citations from a Nevada Department of Wildlife employee for allegedly violating NRS 503.580, which prohibits certain animal traps from being set within 200 feet of public roads or highways. While the dispute was pending, respondent Assemblyman Jim Wheeler requested, and the Legislative Counsel Bureau (LCB) provided, a written legal opinion analyzing whether box traps and snare traps constitute traps prohibited under NRS 503.580.

On March 5, 2014, Fred Voltz filed an ethics complaint, termed a Request for Opinion (RFO), against each assemblyman with appellant the State of Nevada Commission on Ethics (the Commission). The RFO alleged that the assemblymen used their official positions to benefit personal interests. Voltz claimed that Hansen sought to use the LCB opinion to assist him in the defense of his criminal case.

After the Commission's general counsel reviewed the RFOs, the assemblymen sought dismissal by the Commission. The Commission

 

denied the motion to dismiss on March 3, 2015. On April 2, 2015, the assemblymen filed a petition for judicial review in the district court.

Finding that the Nevada Assembly had sole jurisdiction to consider ethical questions concerning the assemblymen's acts, the district court granted the assemblymen's petition for judicial review on October 1, 2015, ordering the Commission to dismiss the RFOs. The assemblymen served the Commission with written notice of entry of the district court's order on October 26, 2015.

On the advice of the Commission's legal counsel, the chair and the executive director, *without consulting the Commission*, authorized the filing of a notice of appeal of the district court order directing the Commission to dismiss the RFOs. Three days later, on October 29, 2015, a notice of appeal was filed with this court on behalf of the Commission. The Commission did not hold a meeting prior to filing the notice of appeal.

On December 1, 2015, the assemblymen filed an open meeting law complaint against the Commission in the district court. The complaint alleged that the Commission violated the open meeting law when the Commission filed a notice of appeal without first making its decision, or taking action, to appeal the district court's order in a public meeting. The complaint sought to have the Commission's action of filing an appeal declared void because it was taken in violation of Nevada's open meeting law.

The Commission then held an open meeting on December 16, 2015, seeking to ratify and approve the action taken by the Commission's counsel in filing the appeal. The Commission voted unanimously in favor of appealing the district court's order granting the petition for judicial review and ordering the Commission to dismiss the RFOs. Alleging the

notice of appeal is defective, the assemblymen now move to dismiss this appeal.

## DISCUSSION

The assemblymen fundamentally argue that the Commission's notice of appeal is defective because it was filed without proper authorization from the client. The Commission argues that the notice of appeal is valid because its chair and executive director provided counsel the authority to file the notice of appeal. The Commission further argues that it cured any initial failure to provide authority to its counsel when it later authorized an appeal in an open meeting. We conclude that the Commission's contentions lack merit and grant the motion to dismiss this appeal.

### The right to appeal rests with the client

"The right to appeal is a substantial legal right," and "[i]t is the client, not the attorney, who determines whether an appeal shall be taken." 7A C.J.S. *Attorney & Client* § 301 (2015); *see also* Restatement (Third) of the Law Governing Lawyers § 22(1) (Am. Law Inst. 2000) (stating that the client decides "whether to appeal in a civil proceeding"). Further, the attorney must have such authority *prior* to filing a notice of appeal, because "there is no implied authority in the event of a judgment adverse to the client, to prosecute review proceedings by appeal and to bind the client for costs and expenses incidental thereto." *In re Judicial Settlement of the Account of Proceedings of McGinty*, 492 N.Y.S.2d 349, 352 (N.Y. Sur. Ct. 1985). "A client may not validly authorize a lawyer to make the decision[ ] [whether to appeal] when other law . . . requires the client's personal participation or approval." Restatement (Third) of the Law Governing Lawyers § 22(2) (Am. Law Inst. 2000).



*Like decisions to settle a case, public bodies must comply with Nevada's open meeting law when authorizing legal counsel to file a notice of appeal*

The Commission argues that the decision to file a notice of appeal does not require an "action" by the public body. *See* NRS 241.015(3)(a)(1). In support of its argument, the Commission suggests that the decision to appeal is similar to the decision to file a motion by counsel. We view these litigation decisions differently on two grounds.

First, "action," as applicable to public bodies, is defined as a decision, commitment, or vote "made by a majority of the members present . . . during a meeting of a public body." NRS 241.015(1). In order for a public body to make a decision, there must be a meeting. NRS 241.015(1). Although "the public body may gather to confer with legal counsel at times other than the time noticed for a normal meeting," Adam Paul Laxalt, *Nevada Open Meeting Law Manual* § 4.11 (12th ed. 2016), http://ag.nv.gov/uploadedFiles/agnvgov/Content/About/Governmental_Affairs/OML_Portal/2016-01-25_OML_12TH_AGOMANUAL.pdf, when the public body confers with its counsel, its "deliberations may not result in any action . . . . A decision to settle a case or make or accept an offer of judgment would be an action, which is prohibited in any type of closed meeting." 2005-04 Att'y Gen. Open Meeting Law Op. 4 (2005).

While NRS 241.015(3)(b)(2) allows public bodies to hold attorney-client conferences behind closed doors, we agree with our sister state that any "legal advice" exception to the open meeting law cannot be extended "to include a final decision to appeal" because such a decision "transcends 'discussion or consultation' and entails a 'commitment' of public funds." *Johnson v. Tempe Elementary Sch. Dist. No. 3 Governing Bd.*, 20 P.3d 1148, 1151 (Ariz. Ct. App. 2000). Since filing an appeal involves the commitment of public funds, we hold that the decision to file a notice of

Supreme Court
OF
Nevada

(O) 1947A

appeal requires an "action" by the public body. Just as a public body would need to meet in an open meeting to determine other material steps in the litigation process, such as initiating a lawsuit or agreeing to a settlement, it must also authorize an appeal of an adverse determination in an open meeting.[1]

Second, "[w]hether to appeal is an issue much like whether to settle." Restatement (Third) of the Law Governing Lawyers § 22 cmt. d (Am. Law Inst. 2000). This distinction comes into focus when considering the expenditure of public funds in both the decision to settle and the decision to file an appeal. *See Johnson*, 20 P.3d at 1151. We note that other jurisdictions have similarly invalidated notices of appeal where a public body did not properly authorize their filing. *See State ex rel. Hjelle v. Bakke*, 117 N.W.2d 689, 696 (N.D. 1962) (determining that a notice of appeal was invalid where the board of arbitrators did not authorize its filing); *see also Shaw v. Common Council of City of Watertown*, 63 N.W.2d 252, 255 (S.D. 1954) (invalidating notices of appeal that were filed without authorization by the City Council).

---

[1]The Commission argues that it is unreasonable for its counsel to be expected to gain approval of a quorum, in an open meeting, in order to defend the Commission, especially considering the time constraints involved in filing an appeal. However, public bodies need only give three working days' notice prior to holding a meeting. NRS 241.020(2). Acknowledging that such a requirement could create frustration for public bodies in receiving legal advice, this court previously explained that "[a]ny detriment suffered by the public body in this regard must be assumed to have been weighed by the [L]egislature in adopting this legislation." *McKay v. Bd. of Cty. Comm'rs of Douglas Cty.*, 103 Nev. 490, 496, 746 P.2d 124, 127 (1987).

Here, the notice of appeal was filed without any authorization from the Commission. It is the Commission as a whole that is the client—not the executive director, nor the Commission chair. We therefore conclude that the Commission's notice of appeal is defective, and we lack jurisdiction to consider it. *See Guerin v. Guerin*, 116 Nev. 210, 214, 993 P.2d 1256, 1258 (2000).[2]

The American Bar Association Model Rules of Professional Conduct indicate that "[u]nder various legal provisions, including constitutional, statutory and common law, the responsibilities of government lawyers may include authority . . . to decide upon settlement or whether to appeal from an adverse judgment." Model Rules of Prof'l Conduct pmbl. and scope 18 (2015). The dissent's analysis presupposes that the authority to file a notice of appeal is (1) delegable and (2) was delegated in this case. The dissent also cites *City of San Antonio v. Aguilar*, 670 S.W.2d 681 (Tex. App. 1984), rejecting a Texas Open Meeting Act appeal filed by a city attorney based on the city attorney's separate authority under the city's ordinances. Here, whether the authority to file a notice of appeal is delegable is not germane to our analysis because the record does not show and nothing in the statutes or regulations concerning the Ethics Commission provides for a grant or delegation of decision-making authority to the Commission's chair, director, or legal counsel to file a notice of appeal

---

[2]The underlying premise for the dissent is that the open meeting law does not apply because there was no meeting. But that argument ignores the fact that actions by a public body must be taken by the body in an open meeting conducted in accordance with the open meeting law. When the action taken by the public body requires an open meeting, failure to hold an open meeting itself is a violation. NRS 241.015. There is no question in this case that there was no meeting.

without action by the Commission as a whole. *See* NRS Chapter 281A; NAC Chapter 281A.

Although the Commission, as the client, subsequently authorized its attorney to file a notice of appeal, that authorization was not in effect at the time the notice of appeal was filed. When the Commission subsequently authorized the notice of appeal in an open meeting on December 16, 2015, more than 30 days had passed since the Commission was served with written notice of the district court's order. To the extent the Commission argues that the subsequent authorization cures any open meeting law violation, we note that NRS 241.0365(5) provides that any action taken to correct an open meeting law violation is only effective prospectively. Therefore, even if the Commission's legal counsel had filed a new notice of appeal after receiving authorization from the client, the appeal would have been dismissed as untimely. *See* NRAP 4(a)(1).[3]

Because the notice of appeal was filed without Commission authorization, we conclude the notice of appeal is defective and, thus, this

---

[3]The dissent bases its conclusion, in part, on ordinary rules of ratification. However, it concedes that under the open meeting law, any attempted ratification by a public body is only effective prospectively.

 

court lacks jurisdiction to consider the Commission's appeal. Accordingly, we grant the motion to dismiss the appeal.[4]

_____, J.
Hardesty

We concur:

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Parraguirre

---

[4]The Commission also argues that the LCB lacks the ability to represent a legislator's private interests. Because the RFOs were submitted against the assemblymen in their official capacity, the LCB is representing the assemblymen in their official capacity, something it is authorized to do, including being able to "prosecute, defend, or intervene in any action or proceeding before any court." NRS 218F.720(1); NRS 218F.720(6)(c)(2) (defining "Legislature" as including "any current or former . . . member . . . of the Legislature"). The Commission further argues that assemblymen are not authorized to file an open meeting law case pursuant to NRS 241.037. Because the motion to dismiss concerns the validity of the notice of appeal filed without an open meeting, we do not address the assemblymen's authority to file an open meeting law complaint under NRS 241.037.

PICKERING, J., with whom DOUGLAS, C.J., and STIGLICH, J., agree, dissenting:

The Commission's executive director and its chair specifically authorized Commission counsel to file a notice of appeal, and the Commission thereafter met and ratified it. This was sufficient authorization for the appeal. I would deny the motion to dismiss, order the parties to complete their briefs, and resolve this appeal on the merits.

I.

Some background provides helpful context for understanding this procedural dispute. The Commission received two ethics complaints, deemed "requests for opinions" or RFOs, against the respondents, Assemblymen Hansen and Wheeler. The complaints grew out of misdemeanor charges the Nevada Department of Wildlife initiated against Hansen under NRS 503.580, for placing snare traps near a roadway. As a member of the Nevada Legislature, Hansen can request legal opinions from the Legislative Counsel Bureau (LCB), a prerogative the public does not share. See NRS 218F.710(2). He did so, asking the LCB for its opinion on whether NRS 503.580, which prohibits placing steel traps within 200 feet of a public roadway, applies to box traps and snare traps. Legislative Counsel cautioned that it might look like a conflict of interest for Hansen to request the opinion and suggested he ask a colleague to make the request. Hansen turned to his fellow legislator, Wheeler. At Wheeler's request, Legislative Counsel issued a written opinion that NRS 503.580 doesn't apply to snare traps.

The ethics complaints, or RFOs, allege that the Assemblymen used their official positions, and government resources, to benefit Hansen's personal interests in defeating the misdemeanor charges against him, when Hansen should have hired his own private lawyer. See NRS 281A.020; NRS

281A.400; NRS 281A.420; NRS 281A.440 (2015). As required by NAC 281A.405, Commission counsel and its executive director reviewed the RFOs and advised the Commission they believed it had jurisdiction to proceed. Citing legislative immunity, the Assemblymen filed a pre-hearing motion to dismiss with the Commission. Although the Commission denied the Assemblymen's motion, it ordered its executive director to investigate the Assemblymen's legislative immunity claim.

Dissatisfied, the Assemblymen filed a petition for judicial review or, in the alternative, writ relief in district court, seeking an order terminating the Commission proceedings against them. Appearing through its in-house counsel, the Commission objected that judicial review was premature because the Commission had yet to resolve the RFOs. The Commission and the Assemblymen submitted a written stipulation and order to the district court in which (1) the Assemblymen agreed to waive confidentiality, see NRS 281A.440(8) (2015); and (2) both sides agreed to stay the Commission proceedings until the judicial proceedings—expressly including any appeals—ran their course. After briefing and argument, the district court entered a written order in which it rejected the Commission's prematurity objection, sustained the Assemblymen's legislative immunity claim, and directed that "the Commission terminate its proceedings."

Under NRAP 4(a)(1), the Commission, like any other party who loses in district court, had 30 days to file a notice of appeal. At the direction of the Commission's executive director and its chair, Commission counsel timely did so. The Assemblymen did not challenge the validity of the notice of appeal until the 30-day deadline for perfecting an appeal ran out. They then filed a second suit in district court, in which they challenged the validity of the notice of appeal under the Nevada Open Meeting Act, or

NOMA, NRS Chapter 241, because the Commission did not conduct a public meeting to authorize this appeal before filing it. In response, the Commission noticed and convened an open public meeting and ratified the notice of appeal.

The Assemblymen then filed the motion to dismiss now before this court. They argue that, because NOMA invalidates the Commission's original notice of appeal, NRS 241.036, and limits the ratification vote to prospective effect only, NRS 241.0365(5), and because the time for filing a proper notice of appeal has expired, this court lacks jurisdiction and must dismiss, giving them a win on the merits by procedural default. In the alternative, the Assemblymen ask for a stay of this appeal while they pursue their NOMA suit in district court.

## II.

### A.

The difficulty with the Assemblymen's argument—and the majority's analysis—is that Nevada's open meeting law, or NOMA, does not apply to the decision the Commission's counsel, its executive director, and its chair made to file the notice of appeal. The eight-member Commission is, to be sure, a "public body" for purposes of NOMA. NRS 241.015(4); *see* NRS 281A.200(1) ("The Commission on Ethics, consisting of eight members, is hereby created."). So, if enough members of the Commission to constitute a quorum had met privately and taken action as a group, NRS 241.036 and NRS 241.0365(5) would apply, and the Assemblymen would prevail because, under NRS 241.036 "[t]he action of any public body taken in violation of any provision of [NOMA] is void," and, under NRS 241.0365(5) "[a]ny action taken by a public body to correct an alleged violation of [NOMA] by the public body is [only] effective prospectively."

 

But "action," for purposes of NOMA, is a strictly defined term of art. Insofar as relevant here, NOMA defines "action" to mean a "decision," "commitment or promise made," or "an affirmative vote" taken, by "a majority of the members present, whether in person or by means of electronic communication, *during a meeting of a public body.*" NRS 241.015(1)(a), (b), (c) (emphasis added). For purposes of NOMA, "meeting" also carries its own definition: "The gathering of members of a public body *at which a quorum is present*, whether in person or by means of electronic communication, to deliberate toward a decision or to take action on any matter over which the public body has supervision, control, jurisdiction or advisory power." NRS 241.015(3)(a)(1) (emphasis added). Neither the Commission's counsel nor its executive director is a member of the Commission, and its chair met only with them. The decision to appeal thus did not implicate NOMA, because there was no quorum of the Commission's members and, with no quorum, there was no meeting at which an action was taken.

The decision in *Dewey v. Redevelopment Agency of Reno*, 119 Nev. 87, 64 P.3d 1070 (2003) (en banc), is on point. *Dewey* held that NOMA did not apply to a meeting between less than a quorum of a public body and staff. *Id.* at 88-89, 64 P.3d at 1071. As *Dewey* recognizes, by limiting NOMA to "meetings," and defining "meeting" to require a "quorum," the Nevada Legislature joined "a majority of states in adopting a quorum standard as the test for applying the Open Meeting Law to gatherings of the members of public bodies." *Id.* at 95, 64 P.3d at 1075. Under the quorum standard, "a quorum is necessary to apply the Open Meeting Law to a given situation." *Id.*; *see* Patricia E. Salkin, 1 *American Law of Zoning* § 3A:6 (5th ed. 2016) (noting that "most states require a quorum to be present for Open Meetings

Laws to apply to a meeting") (citing *Dewey* and collecting cases). Absent a showing that less than a quorum of members has met serially with the "specific intent" of evading NOMA by avoiding a quorum, *see* NRS 241.015(3)(a)(2)[1]—nothing suggests that here—NOMA "only prohibits collective [private] deliberations or actions where a quorum is present." *Dewey*, 119 Nev. at 95, 64 P.3d at 1075.

A quorum of the Commission did not meet and decide to file the notice of appeal; the decision was made by the Commission's counsel and the executives to whom she answers. The Commission's chair, who participated in the decision, was the only Commission member involved, and a single member of an eight-member body does not constitute a quorum. Under *Dewey*, without a quorum, NOMA and its invalidating statutes, NRS 241.036 and NRS 241.0365(5), do not apply.[2] *See City of San Antonio v. Aguilar*, 670 S.W.2d 681, 686 (Tex. App. 1984) (rejecting open meeting law challenge to notice of appeal filed by city attorney after consultation with city manager: "The Open Meetings Act does not apply where definitionally there was no 'meeting'"); *State Bank of Burleigh Cty. Tr. Co. v. City of*

---

[1]NRS 241.015(3)(a)(2) was not considered in *Dewey* because it did not become a part of NOMA until 2001. 2001 Nev. Stat., ch. 378, at 1836.

[2]Even if NOMA applied, the Assemblymen's remedy would lie in the district court action they filed after the Commission filed its notice of appeal, not in a motion to this court to dismiss the Commission's appeal. *See* NRS 241.037(2) ("Any person denied a right conferred by this chapter may sue in the district court of the district in which the public body ordinarily holds its meetings . . . to have an action taken by the public body declared void."). It is not clear to me the second suit is timely, given the stipulated stay of Commission proceedings in district court, which specifically contemplates an appeal and was filed more than 60 days before the Assemblymen filed their second suit. *See* NRS 241.037(3)(b).

SUPREME COURT
OF
NEVADA

(O) 1947A

5

*Bismarck*, 316 N.W.2d 85, 88-89 (N.D. 1982) (rejecting open meeting law challenge to notice of appeal because a public meeting was not required to authorize its filing) (distinguishing *State ex rel. Hjelle v. Bakke*, 117 N.W.2d 689, 696 (N.D. 1962), a case cited by the majority, as limited to its unique facts); *see also Mohr v. Murphy Elementary Sch. Dist. 21 of Maricopa Cty.*, 2010 WL 1842262 *2 (D. Ariz. 2010) (the "complaint fails to state a violation of the open meeting law . . . because it contains no allegation that legal action was taken outside of a public meeting by a *quorum* of Board members") (citing *Dewey*, 119 Nev. 87, 64 P.3d 1070), *aff'd mem.*, 449 Fed. App'x 650 (9th Cir. 2011).

The majority relies on *Johnson v. Tempe Elementary School District No. 3 Governing Board*, 20 P.3d 1148, 1151 (Ariz. Ct. App. 2000), but their reliance is misplaced. In *Johnson*, a majority of the members of the public body met privately to authorize an appeal when, by the terms of Arizona's open meeting law, the meeting needed to be open, which invalidated the vote to authorize the appeal. Had there not been a "meeting" at all—the situation here—the open meeting statute would not have applied. *See Boyd v. Mary E. Dill Sch. Dist. No. 51*, 631 P.2d 577, 579-80 (Ariz. Ct. App. 1981) (affirming dismissal of open meeting law claim where the alleged legal action was taken by less than a quorum of the board), *cited in Mohr*, 2010 WL 1842262 at *2.

## B.

This leaves the argument, raised by the Assemblymen for the first time in reply, *but see Phillips v. Mercer*, 94 Nev. 279, 283, 579 P.2d 174, 176 (1978) (court will not consider an issue first raised in reply), that only the governing board of a public body can authorize an appeal, not the entity's chair, its executive director, or its in-house lawyer.

The decision to appeal is important enough that, if the client and lawyer cannot agree, the client's decision controls. *See* Restatement (Third) of the Law Governing Lawyers § 22 (Am. Law Inst. 2000), *cited in* majority op., *supra*, p. 4. But that does not translate into a rule that only a client entity's governing board can authorize an appeal, as the majority suggests the Restatement supports. *See id.* § 96 cmt. d ("Who within an organization or among related organizations is authorized to direct the activities of a lawyer representing an organization is a question of organizational law beyond the scope of this Restatement."). Surely a lawyer who has represented an entity client in district court can accept the client representative's instruction to file a notice of appeal without demanding advance approval from the entity's board of directors. *See Cty. Council v. Dutcher*, 780 A.2d 1137, 1145 (Md. 2001) (reversing order dismissing appeal as unauthorized and noting that "[i]n a governmental attorney-client relationship . . . it is not uncommon to find an established policy giving the government attorney standing instructions and authority to take all actions necessary to protect the government client's appellate interests until such time as the client may adequately consider the matter").

A lawyer representing a client before a tribunal is presumed to have actual authority to do so. *See* Restatement (Third) of the Law Governing Lawyers § 25 (Am. Law Inst. 2000). The corollaries to this rule are that an "appellate court, upon its own motion or even that of opposing counsel, will not inquire ordinarily into the authority of the attorney to file the appeal," *Dutcher*, 780 A.2d at 1143, and that, to prevail in such an intrusive challenge, the protester "bears the burden of persuading the tribunal that a lawyer's appearance was without actual authority." Restatement (Third) of the Law Governing Lawyers § 25 cmt. c. Here, the

Assemblymen's NOMA-based motion to dismiss fails to meet that burden. The record, such as it is, reveals that the Commission's dedicated counsel, with the approval of its executive director, stipulated to stay the Commission proceedings until the Assemblymen's petition for judicial review, including any appeals therefrom, ran its course. *See* note 2, *supra*. From this and the other evidence of record nothing suggests the Commission's counsel lacked actual authority to file the notice of appeal, proof of which would be required for the Assemblymen's challenge to carry. *See City of Bismarck*, 316 N.W.2d at 88 ("In the absence of a showing that the governing body intends otherwise, we see no reason to limit the authority of the city attorney to the conduct of law business at the trial level only."); *Hopkins Cty. Bd. of Educ. v. Hopkins Cty.*, 242 S.W.2d 742, 743 (Ky. App. 1951) (because "[t]he authority given appellants' attorneys to prosecute this lawsuit would ordinarily include carrying it through to a final determination [on appeal], it was not necessary that special authority, by resolution or otherwise, need have been given appellants' attorneys to prosecute this appeal"); *City of San Antonio*, 670 S.W.2d at 685 ("Since the appellees do not present any evidence to rebut the presumption of authority in this case, we find that the city attorney had authority to pursue this appeal.").

## C.

But even accepting, arguendo, that the Commission's chair, executive director, and in-house counsel did not have authority to appeal on their own, without approval of the Commission itself, the motion to dismiss still should be denied, because the Commission properly ratified the appeal in an open meeting convened for that purpose.

"A lawyer's act is considered to be that of a client in proceedings before a tribunal . . . when . . . the client ratifies the act." Restatement (Third) of the Law Governing Lawyers § 26. Here, the Commission unanimously ratified the decision to take this appeal, albeit after the 30-day time for appeal expired. If NOMA applied, the notice of appeal would be ineffective because such ratification would only have prospective effect. *See* NRS 241.0365(5). But, as has been shown, NOMA did not apply to the decision to file the notice of appeal because there was no quorum and no meeting. *See supra* § II.A. Normal ratification principles therefore control, under which a client can ratify an appeal after the time for appeal has passed, so long as the lawyer timely filed the imperfectly authorized notice of appeal. *Linn Cty. v. Kindred*, 373 N.W.2d 147, 149 (Iowa Ct. App. 1985), *noted in* Restatement (Third) of the Law Governing Lawyers, *supra*, § 26 cmt. e; *see Dutcher*, 780 A.2d at 1145 ("The District Council's subsequent ratification of this appeal . . . , four days after the expiration of the statutory 30 day appeal period, does not defeat the timeliness of the filed appeal."); *City of Tulsa v. Okla. State Pension & Ret. Bd.*, 674 P.2d 10, 13 (Okla. 1983) (reversing court of appeals order dismissing an appeal as unauthorized and untimely because the public entity did not ratify the notice of appeal the city attorney filed until the time for appeal had passed; even "[i]rregular and void acts may be ratified or confirmed at a subsequent meeting, provided it is a valid or legal meeting"). The Commission properly ratified the appeal; it should be allowed to proceed.

 

For these reasons, I respectfully dissent.

_____ , J.
Pickering

We concur:

_____ , C.J.
Douglas

_____ , J.
Stiglich